**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| In re: | Case No. 99-01111 |
| | Chapter 11 |
| KAKE TRIBAL CORPORATION, | |
| Debtor. | **MEMORANDUM AND ORDER RE REOPENING CASE AND DETERMINING THE RULE OF LAW** |

THIS MATTER came before the Court[1] on two related motions:

Creditors' Motion to Reopen Chapter 11 Case (ECF No. 787) and Creditors'

Motion to Determine Rule of Law (ECF No. 819).[2] The motions were filed

---

[1] On January 23, 2023, the United States Bankruptcy Court, District of Alaska entered an Administrative Order Reassigning the Case to the Hon. Frederick P. Corbit. (ECF No. 789).

[2] In deciding these motions, the Court considered all related filings in this bankruptcy case, District of Alaska Case No. 99-01111, including Hanson Class Response to Re-Open Case (ECF No. 801); Reorganized Debtor's Opposition to Reopen case (ECF No. 802); Declaration of Counsel in Support of Reorganized Debtor's Opposition to Motion to Reopen the case with exhibits (ECF Nos. 803; 804); Reorganized Debtor's Amended Opposition to Motion to Re-Open case (ECF No. 805); Creditors' Reply Brief on Motion to Re-Open the case (ECF No. 814); Creditors' Motion to Determine Rule of Law (ECF No. 819); Reorganized Debtor's Response to Secured Creditors Motion to Determine Rule of Law of the Case (ECF No. 832); Hanson Class' Response to Secured Creditor's Motion to Determine Rule of Law in the Case (ECF No. 833); and Reply Brief on Motion to Determine Rule of Law. (ECF No. 846). Additionally, the Court conducted several virtual hearings: (i) on March 9, 2023 argument related to the motion to reopen the case (ECF No. 817); (ii) on April 26, 2023 a status conference wherein all counsel agreed the Court should decide both the motion to reopen the case at the same time as the motion to

Memorandum Opinion re Motion to Reopen …   - 1

by Mr. Fred Triem, previous class action trial counsel for certain Kake Tribal Corporation shareholders, and by Clifford Tagaban, a Kake Tribal Corporation shareholder and co-plaintiff in two Alaska state court class actions lawsuits ("the Creditors").

## I. INTRODUCTION AND SUMMARY

The history between the parties is complex and spans decades. In the twenty-plus years since the Kake Tribal Corporation ("Kake Tribal") confirmed the Fourth Amended Plan of Reorganization (the "Plan"), the parties filed various motions in Alaska state courts which resulted in rulings that significantly altered their positions. Now, in the present motions, the Creditors request the bankruptcy court reopen Kake Tribal's bankruptcy case and void the Alaska state court orders. The Creditors argue that the Alaska state court lacked jurisdiction and, because the bankruptcy court had exclusive jurisdiction, all the state court orders are void ab initio.[3]

In the Ninth Circuit, a bankruptcy court's jurisdiction is substantially narrowed after plan confirmation. When resolving disputes that require interpretation, implementation, consummation, execution or administration of

---

determine rule of law (ECF No. 22); and (iii) on August 15, 2023, argument related to the motion to determine rule of law.

[3] While the motion is entitled "Motion to Determine Rule of Law," the Creditors ask this court to affirmatively rule that the Alaska state courts lacked jurisdiction to conduct the identified proceedings and enter orders because those matters were within the exclusive jurisdiction of the bankruptcy court. (ECF No. 819 at p.22).

Memorandum Opinion re Motion to Reopen ...  - 2

a confirmed plan, bankruptcy courts typically exercise non-exclusive 28 U.S.C. § 1334(b) "related to" jurisdiction.

However, even when a Ninth Circuit bankruptcy court has exclusive jurisdiction of disputes related to a confirmed plan, the bankruptcy court may review the state court decision to determine if the confirmed plan was correctly construed. After a comprehensive review of the Alaska state court decisions at issue, this Court arrives at the same conclusions. The Alaska state courts conducted thorough and careful reviews and provided balanced, thoughtful decisions supported by applicable law.

This Court concludes the post-confirmation disputes decided by the Alaska state courts were not within the bankruptcy court's exclusive jurisdiction and, alternatively, because this Court will not disturb the well-reasoned decisions of the Alaska state courts, denies both the Motion to Reopen Chapter 11 Case and the Motion" to Determine the Rule of Law.

## II.    FACTS AND PROCEDURAL BACKGROUND

*The class-action lawsuits against Kake Tribal.*

The factual and procedural history of this case is complicated and is only briefly recounted here.[4] In the 1980s, Kake Tribal made payments to

---

[4] Additional factual and procedural details are contained in several court opinions, including *Hanson v. Kake Tribal Corp.*, 939 P.2d 1320 (Alaska 1997) and *Triem v. Kake Tribal Corp.,* 513 P.3d 994 (Alaska 2022), reh'g denied (Aug. 5, 2022).

Memorandum Opinion re Motion to Reopen …   - 3

some, but not all, Kake Tribal shareholders. Some of the shareholders who did not receive payments sued Kake Tribal as the "Hanson Class" in a class-action lawsuit in the Alaska state court.[5] Mr. Tagaban was appointed Hanson Class representative and Mr. Fred Triem was appointed as class counsel. At trial, the Hanson Class prevailed and was awarded a sizeable judgment against Kake Tribal. Eventually, in 1998 after an appeal and remand, the state court judgment was recorded, creating a judicial lien.

*Kake Tribal's Plan of Reorganization.*

Confronted with the Hanson Class' judgment,[6] in 1999 Kake Tribal filed a chapter 11 petition in bankruptcy court. Mr. Tagaban and Mr. Triem each filed proofs of claim in the bankruptcy case. On October 10, 2001, Kake Tribal filed its first plan of reorganization, and as modified, became the Fourth Amended Plan of Reorganization that was confirmed on February 19, 2002. (ECF No. 692).

The Plan set out a detailed schedule of payments Kake Tribal would make to Mr. Triem and the Hanson Class. First, the Plan required Kake Tribal to deliver the Hanson Class payments to Mr. Triem. (Plan ¶ 5.2.14)

---

[5] A second class-action lawsuit with similar claims against Kake Tribal was filed by shareholders and was named the Martin Class. This opinion addresses some of the trial court rulings in the Martin Class case because the Hanson Class and the Martin Class superior court cases were consolidated on appeal.

[6] The Martin Class also held a sizeable judgment against Kake Tribal (ECF No. 803, Ex. 3).

Memorandum Opinion re Motion to Reopen …  - 4

The Plan instructed that Mr. Triem's attorney fees were to be "deducted from, and paid out of, the payments made to" the Hanson Class. (Plan ¶ 5.2.14)

Kake Tribal was to make an initial payment of $200,000 to the Hanson Class members. (Plan ¶ 5.2.14.2) Next, between 2002 and 2006, the Hanson Class was to be paid (after Class 1 claims were fully paid) quarterly, a percentage "all cash received in the preceding calendar quarter from or as a result of the Land Exchange." (Plan ¶ 5.2.14.3). Finally, beginning in 2005, the Hanson Class was to be paid annually on June 30, from Kake Tribal's "cumulative Adjusted Earnings,"[7] and interest was to accrue on the balance at 6.5% per annum. (Plan ¶ 5.2.14.4).

---

[7] The Plan defined Adjusted Earnings as:
Adjusted Earnings shall mean the Debtor's and its wholly owned subsidiaries' after-tax consolidated earnings as computed under Generally Accepted Accounting Principles, plus
1.1.1 depletion and depreciation, less
1.1.2 revenue recorded to recognize timber value based on currently harvested timber,
1.1.3 principal payments on long term debt,
1.1.4 principal payments on short term debt from prior years,
1.1.5 payments on capitalized leases,
1.1.6 earnings recognized on account of the Land Exchange,
1.1.7 earnings recognized on account of the Glacier Bay Claim, and
1.1.8 earnings recognized on account of any other claim the proceeds of which are designated in this Plan for payment to the holder of any Claim.
(Plan, ¶ 1.1)

Memorandum Opinion re Motion to Reopen …  - 5

Section 9.7 of the Plan provided that the bankruptcy court would retain

jurisdiction until the Plan was "fully consummated"[8] for issues including but

not limited to:

> (i) the determination of all questions and disputes
> regarding title to assets of the Debtor's Estate, and determination
> of all causes of action, controversies, disputes, or conflicts,
> whether or not subject to action pending as of the date of the
> confirmation between the Debtor and any other party… (Plan ¶
> 9.2);
> (ii) the modification of this Plan after confirmation
> pursuant to the Bankruptcy Rules and Title 11 of the United
> States Code (Plan ¶ 9.4);
> (iii) the resolution of any dispute between the Debtor and
> the Hanson Class Representative or the Martin Class
> Representative regarding the release or subordination of any lien
> or security interest securing the claims of such Class (Plan ¶ 9.6);
> and
> (iv) the appointment of a successor Hanson or Martin
> Class Representative (Plan ¶ 9.7).

The Plan also authorized the Hanson Class Representative to

"negotiate with the Debtor after confirmation of this Plan." (Plan ¶

1.21) The Plan provided the "Hanson Class Representative shall have

the authority to release or subordinate any lien or security for the

Claims of the Hanson Class in accordance with this Plan." (Plan ¶ 1.21)

---

[8] "Fully consummated" is not defined in the Plan. The Plan defines "substantial
consummation" as "when payments required to be made on the Distribution Date to
unsecured, priority and secured tax creditors have been made and when all other
documents necessary to modify in accordance with this Plan the notes evidencing
KBNA's secured claims have been executed and delivered." (Plan ¶ 4.5) See also 11
U.S.C. § 1101(2) (defining plan "substantial consummation").

Memorandum Opinion re Motion to Reopen …   - 6

Finally, the Plan provided the "Court shall have power to designate successor Hanson Class Representatives on motion of the Debtor or the holder of any Allowed Claim." (Plan ¶ 1.21)[9]

The order confirming the Plan provided that the bankruptcy court retained jurisdiction to resolve any disputes and adjudicate "all controversies" concerning the allowance of a claim:

> This court shall retain jurisdiction of this Chapter 11 case for the purposes provided in this Order, in any injunction issued by this Court, in the Plan and under the Bankruptcy Code, and for the purpose of resolving any disputes arising with respect to the Plan or any document executed pursuant to the Plan, and to adjudicate all controversies concerning the classification or allowance of any claim.

ECF 692 at ¶ 10.

After the bankruptcy court confirmed the Plan, Kake Tribal made the initial distribution to Hanson Class members and some of the required payments.[10] Kake Tribal later asserted it did not make the annual payments

---

[9] "Court" is defined in the Plan as "the United States Bankruptcy Court for the District of Alaska in which the Debtor's Chapter 11 case, pursuant to which the Plan is proposed, is pending, or any such other court having jurisdiction of this bankruptcy proceeding." (Plan ¶ 1.12)

[10] According to Mr. Triem, Kake Tribal made the following payments: (1) 3/28/2002: $380,000 consisting of $213,945.70 of the judgment principal and $166,054.30 interest; (2) 5/8/2003: $39,740.01 consisting of all interest; (3) 2/19/2004: $49,000 consisting of all interest; (4) 3/5/2005: $197,200.00 consisting of $115,774.02 of judgment principal and $81,425.98 interest. *See Hanson v. Kake Tribal Corp.,* 2008 WL 11226184 (Alaska Super.) (Plaintiff's Motion for Leave to Execute on Judgment).

because the Tribe had "not generated any profits from which payments under the [Plan] are to be made."[11]

*Post-Confirmation proceedings in Alaska state courts.*

In 2008, Mr. Triem filed a motion in the Alaska state court requesting authorization for the Hanson Class to execute on its judgment against Kake Tribal under Alaska state law.[12] This began several years of post-confirmation litigation in Alaska state courts between Mr. Triem, the Hanson and Martin Class members, and Kake Tribal.

In September 2015, members of the Hanson Class moved in the Alaska state court to replace both Mr. Triem as counsel and Mr. Tagaban as class representative. (ECF No. 803, Ex. 4)[13] Before deciding the motion, the Alaska state court held an evidentiary hearing on September 22, 2016, and heard testimony from five witnesses and reviewed several exhibits. (ECF No. 803, Ex. 6 at p. 3) Ultimately, the Alaska state court issued a 31-page order

---

[11] *See Hanson v. Kake Tribal Corp.*, 2015 WL 10768498 (Alaska Superior Court, January 23, 2015) at p.2 citing Affidavit of Lorraine Jackson and Affidavit of David Bundy (filed in Alaska Superior Court Case No. 1PE9000072).

[12] *See*, e.g., *Hanson v. Kake Tribal Corp.,* 2008 WL 11226184 (Alaska Superior Court Case No. 1PE9000072, May 30, 1997), Plaintiff's Motion for Leave to Execute on Judgment.

[13] Members of the Hanson Class wanted to replace the Class representative and counsel because Messers. Tagaban and Triem refused to consider removing the Class' liens to allow Kake Tribal to pursue new business opportunities. The Class members asserted that the overwhelming majority of the Class favored releasing the liens, but neither Mr. Tagaban or Mr. Triem would agree. The Class members argued that both should be replaced because neither represented the best interests of the Hanson Class. (ECF No. 803, Ex. 4)

Memorandum Opinion re Motion to Reopen …  - 8

that granted the motion in part and ordered the removal of both Messrs. Triem and Tagaban.[14] (ECF No. 803, Ex. 6)

Three years later, on November 14, 2019, the successor Hanson Class representative Paul Fay and counsel Michael P. Heiser filed a motion in the Alaska superior court "to approve of a Hanson Class vote to waive and forgive the remaining debt owed under the final judgment entered on June 19, 1998." (ECF No. 803, Ex. 7) Mr. Triem objected and argued that the Alaska state court lacked subject matter jurisdiction because the bankruptcy court had exclusive jurisdiction. (ECF No. 804, Exs. 3, 4)

On November 25, 2019, members of the Martin Class also moved in the Alaska state court to remove the Martin Class representative and to "authorize the release of the Martin Class Deed of Trust and the forgiveness of the debt secured thereby." (ECF No. 803, Ex. 9, p.4)[15]

On February 18, 2020, the Alaska state court granted the Hanson Class motion to "waive and forgive the remaining debt" that Kake Tribal owed to the Hanson Class ("the Hanson Class Decision"). (ECF No. 804, Ex. 5) The

---

[14] The Alaska state court found that the candidate proposed to replace Mr. Tagaban was unsuitable, and the court directed the Hanson Class to convene and vote on a new class representative. (ECF No. 803, Ex. 6)

[15] The Martin Class asked to replace the named class representative because both named representatives died. Additionally, the Martin Class indicated that the Class favored releasing the lien to allow Kake Tribal to engage in new business ventures that would benefit all Kake Tribal shareholders. (ECF No. 803, Ex. 9)

Memorandum Opinion re Motion to Reopen ...  - 9

Hanson Class Decision did not address Mr. Triem's argument contending that the bankruptcy court had exclusive jurisdiction to resolve the dispute.

The Alaska state court found that the Civil Rule 60 requirements were met and concluded that granting the motion was in the interest of all the parties. The order included a provision that Kake Tribal still was required to pay directly to Mr. Triem "whatever remains to be owed" of the class counsel attorney fee award. (ECF No. 804, Ex. 5)

On February 24, 2020, the Alaska superior court addressed the Martin Class motion to appoint a new class representative and to "release or discharge" the debt owed to the Martin Class. *Nauska Sr. v. Kake Tribal Corp.,* 2020 WL 8182097 (Alaska Superior Court Case No. 1PE-95-00001, Feb. 24, 2020)("the Martin Class Decision"). In the opinion, the Alaska state court ordered the parties to submit additional briefing because the court found "several red flags are raised concerning the scrupulousness of [the Martin Class] votes." *Id.* at 2. Also, the state court required the parties to supplement the evidence and brief the legal standards for relief from judgment under Civil Rule 60. *Id* at 3.

In the same opinion, the state court dismissed Mr. Triem's jurisdictional argument—the same jurisdictional argument Mr. Triem made

in the Hanson Class motion—that the bankruptcy court had exclusive

jurisdiction to replace the Martin Class representative:

> Under Article 9 of the Fourth Amended Plan of Reorganisation
> [sic], which was confirmed by the bankruptcy court in 2002, the
> bankruptcy court retained jurisdiction until the Plan has been
> fully consummated including the release or subordination of any
> lien or security interests securing the claims of the class or the
> appointment of a successor representative. However, the Plan
> does not state that the bankruptcy court retained exclusive
> jurisdiction, thus blunting Triem's argument.

*Id.* at 3. After additional briefing, on June 30, 2020, the Alaska state court

also granted the Martin Class motion to replace the representative and

eliminate Kake Tribal's remaining debt to the Martin Class. (ECF No. 804,

Ex. 12)

*Alaska Appellate Court Proceedings.*

Mr. Triem appealed both the Hanson Class Decision and the Martin

Class Decision to the Alaska Supreme Court. On appeal, Mr. Triem's issues

included allegations that the superior court erred by: (i) authorizing the

removal and replacement of the Hanson Class representative and counsel; (ii)

approving the Hanson Class vote to waive or forgive the remaining debt

owed by Kake Tribal to the Hanson Class; and (iii) authorizing the

replacement of the Martin Class representative and approving the Martin

Class vote to release the remaining debt owed by Kake Tribal to the Martin

Class. (ECF No. 804, Ex. 13) The Alaska Supreme Court consolidated the

Memorandum Opinion re Motion to Reopen …  - 11

appeals of the Hanson Class Decision and the Martin Class Decision. (ECF No. 804, Ex. 14)

On July 8, 2022, the Alaska Supreme Court issued an opinion that made several findings and ordered the parties to provide additional briefing on a single issue. *Triem v. Kake Tribal Corp.,* 513 P.3d at 997. Significant to the present case, the Alaska Supreme Court found that the Alaska state courts had subject matter jurisdiction to resolve the disputes: "[a]s the superior court noted, however, the Bankruptcy Court did not explicitly retain exclusive jurisdiction when it approved the reorganization plan and the issues before us do not otherwise fall under the federal courts' exclusive jurisdiction." *Id.,* at 997 (footnotes omitted).

Additionally, the Alaska Supreme Court stated the Hanson Class "decision to release [Kake Tribal] from the debt may be best considered a settlement agreement pursuant to Alaska Civil Rule 23." *Id.* at 998.[16] As such, the Alaska Supreme Court directed the parties to file supplemental briefs related to whether Alaska Civil Rule 23(d)-(e) was applicable to the superior court's order approving the Hanson Class vote to release Kake Tribal from the debt. *Id.* at 998-99. As of September 19, 2023, the Alaska

---

[16] The Supreme Court also ruled that Mr. Triem lacked standing to appeal both the Martin Class Decision and the Hanson Class Decision. *Triem*, 513 P.3d at 997.

Supreme Court had not issued an opinion related to the release of Kake

Tribal's debt owed to the Hanson Class.[17]

*The 2023 Motions in the Bankruptcy Court.*

On January 20, 2023, Mr. Triem filed in the bankruptcy court[18] the

Motion To Reopen Kake Tribal's Chapter 11 bankruptcy case. (ECF No.

787) Kake Tribal and the Hanson Class objected. (ECF Nos. 802; 805)

Following a status conference, Mr. Triem filed the Motion to Determine Rule

of Law that requested this Court affirmatively rule that the Alaska state

courts lacked subject matter jurisdiction to rule on the disputed issues

because the bankruptcy court retained exclusive "core" jurisdiction. (ECF

No. 819) Kake Tribal and the Hanson Class filed responses. (ECF Nos. 832;

833) The Court heard oral argument on August 15, 2023 and agreed to

address both motions in a single opinion.

## III.   DISCUSSION

### A.    Reopening Kake Tribal's Chapter 11 bankruptcy case.

Under 11 U.S.C. § 350(b), "[a] case may be reopened in the court in

which such case was closed to administer assets, to accord relief to the

---

[17] A draft opinion was circulating at the Alaska Supreme Court as of 09/19/2023.
https://appellate-records.courts.alaska.gov/CMSPublic/Case/General?q=w6sobc/DATd4lry2PpoZ/Q==%27
(last accessed on 09/19/2023). However, regardless of how the Alaska Supreme Court
rules, based on the reasoning set forth is this opinion, the Alaska Supreme Court has
jurisdiction to decide the issues.
[18] *See* note 1.

Memorandum Opinion re Motion to Reopen …  - 13

debtor, or for other cause." *See also*, Bankr. R. Proc. 5010 ("[a] case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code."). Courts may deny a request to reopen a closed case when no legal basis exists to grant the relief sought by the movant. *See In re Cortez*, 191 B.R. 174, 179 (9th Cir. B.A.P. 1995).

Bankruptcy courts have broad discretion to determine whether to reopen a case. *E.g.*, *In re Welch*, No. BK 11-18277-LBR, 2015 WL 65307, at *4 (9th Cir. B.A.P. Jan. 5, 2015) ("[Courts] may consider numerous factors including equitable concerns, and ought to emphasize substance over technical considerations"); *see also In re Consol. Freightways Corp.*, 553 B.R. 396, 399 (C.D. Cal. 2016), *appeal dismissed sub nom. In re Consol. Freightways Corp. of Delaware*, No. 16-56070, 2017 WL 3270851 (9th Cir. Jan. 26, 2017) (identifying 7 factors bankruptcy courts may consider in evaluating whether to reopen a case).

In other words, a bankruptcy case should not be reopened if doing so is futile. *In re Smyth*, 470 B.R. 459 (6th Cir. 2012). Some potential relief must be available to the movant to support a motion to reopen; otherwise, reopening is pointless, and the motion will be denied. *In re Clark*, 465 B.R. 556 (Bankr. D. Idaho 2011). "Reopening of the bankruptcy case is rare, and only used when necessary to resolve bankruptcy issues, not to adjudicate

Memorandum Opinion re Motion to Reopen …  - 14

state law claims that can be adjudicated in state court." *In re Ray*, 624 F.3d 1124, 1136 (9th Cir. 2010) (bankruptcy court erred by reopening case where confirmed chapter 11 plan included certain contractual rights because bankruptcy court lacked § 1334(b) "related to" jurisdiction to resolve breach of contract lawsuit).

The Creditors argue the Alaska state court orders that altered the parties' positions are void because the bankruptcy court retained exclusive jurisdiction to resolve the disputes. The Creditors focus their arguments on attempting to void the state court rulings[19] that: (i) replaced the Hanson Class counsel Triem and class representative Tagaban, and (ii) approved the Hanson Class motion to waive or forgive Kake Tribal's remaining debt owed to the Hanson Class under the confirmed Plan.[20] The Motion to Reopen requires analysis of Ninth Circuit law related to the scope of the bankruptcy court's post-confirmation jurisdiction.

In sum, this Court concludes that the bankruptcy court did not have exclusive jurisdiction to adjudicate the present dispute under these circumstances. Additionally, even if the bankruptcy court retained exclusive

---

[19] The Creditors list eight "questions presented," but nearly all are based on a challenge to the state court's jurisdiction. (ECF No. 819 at p.23) The remaining issue identified–"is this class action judgment dischargeable in bankruptcy"—mischaracterizes the state court proceedings. *See* note 21.

[20] Kake Tribal and the Hanson Class object to reopening the case and each argues that the Creditors lack standing. In light of our conclusions, it is unnecessary to address this issue.

Memorandum Opinion re Motion to Reopen …  - 15

jurisdiction, this Court arrives at the same conclusions as the Alaska state court decisions that the Creditors challenge. Thus, the Motion to Reopen the bankruptcy case is denied because no relief is available to the Creditors.

**B.    The Bankruptcy Court's Subject Matter Jurisdiction.**

*1. Pre-Confirmation Bankruptcy Court Jurisdiction*

Generally, bankruptcy courts have original and exclusive jurisdiction "of all cases under title 11." 28 U.S.C. § 1334(a). Bankruptcy courts also have original but non-exclusive jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

*Bankruptcy Court's Exclusive Jurisdiction for Core Matters.*

The bankruptcy court's § 1334(a) exclusive jurisdiction applies to "core" proceedings. *See* 28 U.S.C. § 157 (non-exclusive list of "core" matters); *Gruntz v. County of L.A. (In re Gruntz),* 202 F.3d 1074, 1081 (9th Cir.2000). A "'core proceeding' is one that invokes a substantive right provided by title 11 or a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Id.* (internal quotation marks and alterations omitted). Stated differently, "core" proceedings "arise under the Bankruptcy Code or arise in a bankruptcy case." *McCowan v. Fraley (In re McCowan)*, 296 B.R. 1, 3 (9th Cir. B.A.P. 2003). "'Arising under' and 'arising in' are

Memorandum Opinion re Motion to Reopen …  - 16

terms of art." *In re Wilshire Courtyard*, 729 F.3d 1279, 1285 (9th Cir. 2013), citing *Harris v. Wittman (In re Harris)*, 590 F.3d 730, 737 (9th Cir. 2000).

For example, core proceedings include but are not limited to: plan confirmation (28 U.S.C. § 157(b)(2)(L)); motions to terminate or modify the automatic stay or permanent discharge injunction (28 U.S.C. § 157(b)(2)(G)); and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship ...." 28 U.S.C. § 157(b)(2)(O).

In the Ninth Circuit, where state courts have decided matters that are "core" proceedings, those state court orders are deemed void because the bankruptcy court has exclusive jurisdiction. *See e.g., Gruntz,* 202 F.3d at 1082-83 (state court actions violating the automatic stay are void); *McGhan* 288 F.3d 1172, 1178-79 (9th Cir.2002) (state court lacked jurisdiction to modify bankruptcy court discharge order).

*Bankruptcy Court's Non-exclusive Jurisdiction for "related to" matters.*

The bankruptcy court's § 1334(b) "related to" jurisdiction is "very broad, including nearly every matter directly or indirectly related to the bankruptcy." *In re Wilshire Courtyard*, 729 F.3d at 1287, quoting *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 868 (9th Cir.2005). State courts and bankruptcy courts have concurrent jurisdiction over § 1334(b) "related to"

proceedings. *In re Watson,* 192 B.R. 739, 746 (B.A.P. 9th Cir.1996), aff'd, 116 F.3d 488 (9th Cir. 1997).

### 2. *Post-Confirmation Bankruptcy Court Jurisdiction.*

The post-confirmation context affects a bankruptcy court's jurisdictional analysis. "[O]nce the bankruptcy court confirms a plan of reorganization, the debtor is free to go about its business without further supervision or approval of the court, and concomitantly, without further protection of the court." *Sw. Marine, Inc. v. Danzig,* 217 F.3d 1128, 1140 (9th Cir. 2000) (internal citations omitted).

As the Third Circuit noted, "retention of bankruptcy jurisdiction [after plan confirmation] may be problematic." *In re Resorts Int'l, Inc.*, 372 F.3d 154, 165 (3d Cir. 2004). This is because the traditional bankruptcy jurisdictional analysis is premised upon whether the dispute "could conceivably have any effect" on the estate. *In re Fietz*, 852 F.2d 455, 457 (9th Cir.1988), quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984)). "At the most literal level, it is impossible for the bankrupt debtor's estate to be affected by a post-confirmation dispute because the debtor's estate ceases to exist once confirmation has occurred." *In re Resorts Int'l, Inc.*, 372 F.3d at 165.

Memorandum Opinion re Motion to Reopen …  - 18

The Ninth Circuit recognizes that a bankruptcy court's post-confirmation § 1334(b) "related to" jurisdiction is "substantially more limited than its pre-confirmation jurisdiction…." *State of Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1194 (9th Cir.2005). After plan confirmation, the Ninth Circuit employs a "close nexus" test to determine the scope of the bankruptcy court's post-confirmation "related to" jurisdiction. *Id. quoting In re Fietz*, 852 F.2d at 457.

Courts employ the same close nexus test to determine jurisdiction after a case is closed. A bankruptcy court may have "related to" § 1334(b) jurisdiction when a "close nexus exists between a post-confirmation matter and a closed bankruptcy proceeding sufficient to support jurisdiction when the matter 'affect[s] the interpretation, implementation, consummation, execution, or administration of the confirmed plan.'" *In re Wilshire Courtyard*, 729 F.3d at 1289, quoting *Pegasus Gold Corp.*, 394 F.3d at 1194 (internal citation and quotation marks omitted).

Significantly, the close nexus test reveals that post-confirmation, bankruptcy courts have non-exclusive § 1334(b) "related to" jurisdiction when a dispute requires "the interpretation, implementation, consummation, execution, or administration of the confirmed plan." *Id.*

### C.    Confirmed Plan Interpretation.

Memorandum Opinion re Motion to Reopen …  - 19

"A chapter 11 plan is a contract between the debtor and its creditors in which general rules of contract interpretation apply." *In re Bartleson*, 253 B.R. 75, 84 (9th Cir. B.A.P. 2000) quoting *Aino v. Maruko, Inc. (In re Maruko, Inc.),* 200 B.R. 876, 881 (Bankr.S.D. Cal. 1996). The law of the state where the plan was confirmed governs the plan's interpretation. *Hillis Motors, Inc. v. Hawaii Automobile Dealers' Ass'n*, 997 F.2d 581, 588 (9th Cir. 1993).

### D.    The Creditors' Claims.

In this case, the Creditors argue that because plan confirmation is exclusively within the bankruptcy court's § 1334(a) "core" jurisdiction, later disputes that require interpretation and application of the Plan are also within the bankruptcy court's exclusive core jurisdiction. (ECF No. 846) This argument was rejected in *In re Ray*, 624 F.3d at 1133, n.6 ("the "close nexus" test should apply when the bankruptcy estate is post-confirmation. *See In re Pegasus Gold Corp.*, 394 F.3d at 1194.")

Contrary to Creditors' assertions, the resolution of a post-confirmation dispute that requires interpretation, implementation, consummation, execution or administration of a confirmed plan that references a contract falls under the bankruptcy court's § 1334(b) nonexclusive "related to" jurisdiction. *See e.g., Pegasus Gold Corp.,* 394 F.3d at 1194 (§ 1334(b)

Memorandum Opinion re Motion to Reopen …  - 20

"related to" bankruptcy court jurisdiction applied to post-confirmation breach of contract claims related to contract incorporated into confirmed plan); *In re Wilshire Courtyard*, 729 F.3d at 1289 (§ 1334(b) "related to" jurisdiction existed when ultimate question depended in part on the interpretation of a confirmed Plan); *cf. In re Ray*, 624 F.3d at 1131 (bankruptcy court lacked § 1334(b) "related to" jurisdiction to adjudicate state-based breach of contract claim of contract referenced in confirmed plan).

Creditors also argue that the Plan language specifically retaining the bankruptcy court's jurisdiction to replace the Hanson Class representative and counsel conclusively demonstrates that only the bankruptcy court had jurisdiction to make those changes. However, Ninth Circuit caselaw requires a different result. The Creditors' dispute does not require interpretation of the Plan or application of the Bankruptcy Code. Instead, the dispute about replacing the Hanson Class representative and counsel and altering the debt begins with the application of state law. In other words, deciding if a class action representative or counsel should be replaced and deciding whether to accept a compromise or settlement of a contract both require application of Alaska state law.

Because the current disputes arose over twenty years after the Plan was confirmed, and because replacing a class representative and counsel, and

Memorandum Opinion re Motion to Reopen …  - 21

approving post-confirmation agreements to waive or forgive debts required by a confirmed plan are all governed by state law, the bankruptcy court does not have exclusive jurisdiction, and may lack "related to" jurisdiction, to decide the dispute. *Accord, In re Ray,* 624 F.3d at 1136. Under these circumstances, the state court has at a minimum, concurrent jurisdiction.

### E.    *In re Birting Fisheries, Inc.*

As support for the argument that the orders from the Alaska state court are void, the Creditors rely heavily on *Huse v. Huse-Sporsem, A.S. (In re Birting Fisheries, Inc.)* 300 B.R. 489 (9th Cir. B.A.P. 2003). However, *Birting* does not provide authority for the relief the Creditors seek for several reasons.

Applying *Birting* in this instance is problematic because that court did not apply the close-nexus test to determine if § 1334(b) jurisdiction existed. Ninth Circuit cases decided after *Birting* recognized that post-confirmation, bankruptcy court jurisdiction is narrowed. As a result, Ninth Circuit cases decided after *Birting* that involve post-confirmation disputes apply the close nexus test to determine whether the bankruptcy court has § 1334(b) "related to" jurisdiction. *See In re Ray,* 624 F.3d at 1131, n.6; *In re Pegasus Gold Corp.*, 394 F.3d at 1194; *In re Wilshire Courtyard*, 729 F.3d at 1287 (9th Cir. 2013).

Memorandum Opinion re Motion to Reopen …  - 22

Additionally, *Birting* acknowledged that a confirmed plan is traditionally interpreted under state contract law and recognized that state court jurisdiction would properly be exercised in disputes related to confirmed plans that only involved contract law.

Significantly, the *Birting* court identified the "real [jurisdictional] question" as "whether substantive bankruptcy law issues have been implicated. If there are no substantive bankruptcy law issues raised, then '[t]here is no reason to declare that the mere fact that a bankruptcy decree has issued requires that any and all further proceedings be in the bankruptcy court.'" *In re Birting Fisheries, Inc.,* 300 B.R. at 501, quoting *Hinduja v. Arco Prods. Co.,* 102 F.3d 987, 989–90 (9th Cir. 1996) (finding state court had jurisdiction to enforce a bankruptcy court's settlement order because the dispute was a "simple matter of enforcing contract law").

In this dispute, no substantive bankruptcy law is implicated. Instead, the dispute is centered on whether the state court properly allowed the replacement of a class action representative and counsel, and properly approved the forgiveness or elimination of the remaining amount due from Kake Tribal. These issues are not governed by the Bankruptcy Code. The replacement of a class action representative and class counsel is governed by

state law. Similarly, the decision to forgive, waive or otherwise eliminate the remaining debt under a contract is governed by state law.[21]

*Retention of exclusive jurisdiction argument.*

Additionally, the Creditors cite the *Birting* opinion for the assertion that that bankruptcy court's retention of the jurisdiction in the Plan must be construed as exclusive. *See, In re Birting Fisheries, Inc.,* 300 B.R. at 499 ("Furthermore, where bankruptcy court jurisdiction has been expressly retained, it will be construed as exclusive, so as not to render the provision a nullity.") For that principle, *Birting* relied on two federal cases that are not bankruptcy court cases and thus are not directly applicable to post-confirmation jurisdiction. *See United States v. Alpine Land & Reservoir Co*., 174 F.3d 1007, 1013 (9th Cir.1999); *Flanagan v. Arnaiz*, 143 F.3d 540, 545 (9th Cir.1998). Moreover, the remainder of the *Birting* analysis undercuts reliance on this single proposition. *See In re Birting Fisheries, Inc.,* 300 B.R. at 499-501.

---

[21] The Creditors argue that the Hanson Class' decision to forgive or waive their right to collect the remaining debt owed from Kake Tribal was a "discharge" of a debt and thus is an act that can only be accomplished by the bankruptcy court. This mischaracterizes the proceedings and is addressed below.

Memorandum Opinion re Motion to Reopen …  - 24

Finally, the *Birting* court concluded that a bankruptcy court may review the state court analysis and if correct, the state court decision would stand:

> [T]he bankruptcy court had exclusive jurisdiction to interpret and enforce its Plan and Confirmation order in order to determine whether the state's *res judicata* determination was correct. As odd as it may sound, the state court would only exceed its jurisdiction over Huse's res judicata defense if it had construed the Plan incorrectly.

*Id.*, citing *McGhan,* 288 F.3d at 1180; *In re Pavelich*, 229 B.R. 777, 784 (B.A.P. 9th Cir. 1999), as amended (Feb. 22, 1999) ("the state court has jurisdiction to construe the bankruptcy discharge correctly, but not incorrectly"); *see also Gruntz*, 202 F.3d at 1083 ("even assuming that the states had concurrent jurisdiction, their judgment would have to defer to the plenary power vested in the federal courts over bankruptcy proceedings").

Despite the isolated *Birting* language relied upon by the Creditors, a more in-depth case analysis does not support Creditors' argument that only the bankruptcy court could replace the Hanson Class representative and counsel and forgive or waive the final debt Kake Tribal owed to the Hanson class. In fact, *Birting* instructs a bankruptcy court to review a state court's decisions to determine if the state court correctly interpreted a plan.

Memorandum Opinion re Motion to Reopen … - 25

Out of an abundance of caution, this Court carefully reviewed the Alaska state court rulings related to the replacement of the Hanson Class counsel and representative, and the forgiveness or waiver of the debt. Having done so, this Court concludes that the Alaska court correctly applied the relevant law to the evidence and properly decided that both Mr. Triem and Mr. Tagaban had chosen to act in ways that were not in the best interest of the class and thus, for several reasons, Mr. Triem should be replaced as Class counsel and Mr. Tagaban should be replaced as Class representative. (ECF No. 803, Ex. 6 at pp. 16-23) The decisions to replace Mr. Triem and Mr. Tagaban do not implicate bankruptcy law or require an interpretation of the confirmed Plan.

After applying the law to the facts, the Alaska superior court made several conclusions: (i) Mr. Triem should be removed as class counsel, and the class should organize a meeting to determine who should be class counsel; (ii) Mr. Tagaban should be removed as class representative; and (iii) the proposed class representative, Mr. Dalton, was not capable of adequately representing the Hanson class, so the class should meet to determine who should be nominated, subject to court approval. (ECF No. 803, Ex. 6 at pp. 15-16)

In sum, the Alaska courts held an evidentiary hearing, heard testimony from several witnesses and reviewed exhibits. For certain issues, the Alaska court required additional evidence, and additional briefing. The Alaska court denied the proposed Hanson Class replacement representative and required the Class to convene and vote for a substitute. The court made factual findings and applied the rules and caselaw interpreting replacing class action representatives and counsel. The court reviewed multiple exhibits and produced a 31-page opinion. A review of the record reveals the state court conducted a thorough exploration of the facts and provided an extensive legal analysis.

After a thorough review of the Alaska state court decisions, this court fails to find fault with the Alaska state courts' decisions to remove Mr. Tagaban and Mr. Triem and to approve the Hanson Class vote to waive or forgive the remaining debt. To the extent that deciding to replace the Hanson Class representative and counsel and eliminate Kake Tribal's remaining debt to the Hanson Class required the Alaska state court to construe the Plan, the Alaska state court did so correctly.

## IV.   CONCLUSION

The present dispute is based on Alaska state court decisions to remove and replace class action counsel and class action representative and to waive

or forgive the remaining debt owed to the class. Because the Plan was confirmed in 2002, and because these issues do not arise under the Bankruptcy Code and instead, require the application of state law, the bankruptcy court has, at most, concurrent jurisdiction under § 1334(b). Even if the bankruptcy court had exclusive jurisdiction, the Alaska state courts correctly applied and interpreted the Plan to resolve the identified disputes. Based on these conclusions, this Court can provide no relief to the Creditors.

## V. ORDER

1.     The Creditors' Motion to Reopen Chapter 11 Case (ECF No. 787) is **DENIED**;

2.     The Creditors Motion to Determine the Rule of Law[22] (ECF No. 819) is **DENIED**.


DATED this 19th day of September, 2023.

BY THE COURT:

Frederick P. Corbit
United States Bankruptcy Judge

---

[22] While the Creditors' motion is titled "Motion to Determine Rule of Law," the substance of the motion asks this Court to affirmatively rule that the Alaska state courts lacked jurisdiction to rule on the identified issues. (See ECF No. 819 at p.22).This opinion sets forth the applicable law. However, because the Court concludes that the bankruptcy court did not have exclusive "core" jurisdiction related to the identified proceedings, the Creditors' motion is denied.

Serve:

Fred Triem

David Bundy

Christopher Slottee, Schwabe Williamson & Wyatt, P.C. 420 L St. Suite 400 Anch, AK 99501

Michael Heiser

Daniel Kubitz

Lawrence Ream

Kathryn Evans

U.S. Trustee

Case Manager

WAEB Chambers (via email)